**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BONNIE FLYNN, et al.,** ) | **CASE NO. 4:02CV773** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| ) | |
| **TRUMBULL COUNTY, OHIO, et al.,** ) | |
| ) | |
| ) | |
| Defendants. ) | **MEMORANDUM AND ORDER** |

Before the court are a number of post-trial motions: defendant Trumbull County, Ohio ("Trumbull") has moved for judgment as a matter of law, a new trial, damages limitations, and remittitur. (Doc. No. 77.). Plaintiffs, Bonnie Flynn, et al. ("Flynn") have moved to alter the judgment to include pre-judgment interest (Doc. No. 78.), for a motion for a hearing on systemic relief (Doc. No. 79.), costs (Doc. No. 80.), and attorney fees (Doc. No. 83.).

All issues have been fully briefed and are ripe for adjudication. For the following reasons, Trumbull's motions are denied. Flynn's motion for prejudgement interest is set for a hearing on Wednesday, March 7, 2007. The parties shall simultaneously submit briefs on the court's authority to provide systematic relief by Monday, March19, 2007. Flynn's bill of costs were properly taxed, and Flynn's motion for attorney fees is granted in part and denied in part.

### I. FACTUAL BACKGROUND

These motions relate to Flynn's complaint against Trumbull under Title VII for sexual discrimination in the operation of their shift-bidding system. Specifically, jurors were charged

with determining whether Trumbull had established a bona fide occupational qualification ("BFOQ") exception to Title VII liability. On December 12, 2006, a jury found Trumbull liable, and on December 13, 2006, reached a verdict for emotional damages totaling $475,000. These motions followed.

## II. DISCUSSION

### A. Trumbull's Motions are Denied

Federal Rule of Civil Procedure 50(b) provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. The "standard for granting a renewed motion for judgment as a matter of law under Rule 50 (b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 2537, p. 347 (footnote omitted).

As the court found upon Trumbull's first motion for judgment as a matter of law at trial, there was sufficient evidence introduced at trial which, if believed by the jury, would support a verdict in favor of Flynn on their Title VII claim. The jury apparently believed that there were reasonable alternatives to the shift-bidding system created by Trumbull. The court will not second guess the jury's determination other than to confirm that there was sufficient evidence in the record to support the verdict. Accordingly, Trumbull's motion for judgment as a matter of law is denied.

Federal Rule of Civil Procedure 59(a) alternatively authorizes the court to grant a new trial. A new trial may be awarded if the verdict is unsupported by the evidence, that is, if no

-2-

reasonable juror could reach that verdict based on the facts and the law. *Moore v. Kuka Welding Sys.*, 171 F.3d 1073, 1082 (6th Cir. 1999). Generally, this standard is met if: (1) the verdict is against the great weight of the evidence; (2) the damages are inappropriate as to the amount; or (3) the trial was influenced by bias or prejudice, or was otherwise unfair to the moving party. *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996). The district court, however, "should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996) (citation omitted).

In this case, the jury's verdict was not "seriously erroneous." As noted above, there was sufficient evidence in the record to support the verdict. Accordingly, Trumbull's motion for a new trial is denied.

Federal Rule of Civil Procedure 59(e) authorizes the court to alter or amend the judgment. The Sixth Circuit has held that:

> a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury could find to be compensatory for a party's loss. A trial court is within its discretion in remitting a verdict only when, after reviewing all the evidence in the light most favorable to the prevailing party, it is convinced that the verdict is clearly excessive; resulted from passion, bias, or prejudice; or is so excessive or inadequate as to shock the conscience of the court. If there is any credible evidence to support a verdict, it should not be set aside.

*Am. Trim. L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004) (internal quotations omitted).

The jury verdict in this case suggests no such error. Indeed, as stated above, there was sufficient evidence to support the verdict. Therefore, Trumbull's motion for remittitur is denied.

**B. Flynn's Motion for Pre-Judgment Interest is Set for a Hearing**

Flynn moves for prejudgment interest under Rule 59(e) and Ohio Revised Code Section 1343.03 (C)(1). Trumbull objects, arguing that prejudgment interest is unavailable under Title VII, or in the alternative, that prejudgment interest is inapplicable in the case of emotional damages. The court disagrees.

"Prejudgment interest is compensation for a plaintiff's lost use of funds after his cause of action accrues and before his recovery." *Ortiz v. Bright*, No. 2:98-CV-1031, 2006 U.S. Dist. LEXIS 23457, at *11 (S.D. Ohio Apr. 26, 2006) (citing *West Virginia v. United States*, 479 U.S. 305 (1987)). Moreover, "prejudgment interest should apply to all past injuries, including past emotional injuries." *Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002) (footnote omitted).

Ohio Revised Code Section 1343.03(C)(1) states that if the court determines at a hearing that Trumbull "failed to make a good faith effort to settle the case and that [Flynn] did not fail to make a good faith effort to settle the case, prejudgment interest" shall be granted. Therefore, the parties shall appear at a hearing on this issue set for Friday, March 9, 2007 at 9:30 a.m.

**C) Motion for Hearing on Systemic Relief**

Flynn moves this court to hold a hearing on the issue of providing plaintiffs with systemic relief. The court requests that both parties file briefs on the issue of authority for this court to grant such relief. Briefs shall be simultaneously filed by Monday, March 19, 2007.

-4-

**D)  Flynn's Bills of Costs Were Properly Taxed**

Trumbull objects to Flynn's first partial bill of costs that was already taxed by the Clerk. The court finds that those costs were properly taxed.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."  Moreover, "this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

The first partial bill of costs contained an itemization of the costs incurred, as well as a sworn affidavit by counsel for Flynn testifying that those costs were reasonable and actual.  The court has no reason to disagree.

**E)  Flynn's Motion for Attorney Fees is Granted in Part and Denied in Part**

Flynn moves the court to grant attorney fees, and to enhance those fees up to $136,374.75.  Trumbull objects to both the lodestar amount as well as the suggested enhancement.  The court finds that Flynn is entitled to the lodestar amount of $90,916.50, but not to any enhancement.

Under Title VII a prevailing plaintiff is customarily awarded attorney's fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978).  "The 'lodestar' approach is the proper method for determining the amount of reasonable attorneys fees."  *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citation omitted).  The lodestar approach requires multiplying the number of hours expended on the litigation by a reasonable hourly rate.  *Id.*

Counsel for Flynn has properly supplied an itemized record of the legal services performed as well as an affidavit of a local civil rights attorney stating that a reasonable rate for an attorney litigating such an employment discrimination case is $285 per hour; further, she avers that a reasonable rate for paralegal services in such a case would be $150 per hour. Trumbull protests the rate both as to its substance, and because it is based on the reasonable rate in the Cleveland, Ohio area. Each objection lacks merit. In the first instance, the court has no reason to disagree with Barbara Belovich's affidavit detailing the prevailing rates for litigating employment discrimination claims in Cleveland. Next, Trumbull suggests that the Cleveland rate is inapposite because the case came out of Trumbull County, Ohio. The Sixth Circuit is quite clear that "the court should deem the relevant community for fee purposes to constitute the legal community within that court's territorial jurisdiction; thus the prevailing market rate is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). The Cleveland rate provided, therefore, is appropriate.

Finally, Flynn moves for an enhancement of attorney fees above the lodestar. The court denies Flynn's motion with respect to this request.

"The trial judge may then, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Id.* at 349. The court may consider the twelve Johnson factors in making the determination to adjust.[1] *Id.* Such modifications, however, are

---

[1] Those factors are: 1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar

-6-

only appropriate "in certain rare and exceptional cases." *Id.* at 350.

Flynn fails to establish that this is such a "rare and exceptional" case. An important footnote in *Adcock-Ladd* describes the Johnson factors, noting, "some of those factors ordinarily may be considered only when resolving the basic lodestar fee, and thus **cannot be used to augment that lodestar**." *Id.* at 349 n.8. (emphasis added). Indeed, the Supreme Court has noted that most of the Johnson factors are subsumed in the initial lodestar calculation. *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (listing "novelty and complexity of issues," "special skill and experience of counsel," "quality of representation," and "results obtained" as reflected in initial lodestar). This largely undoes Flynn's argument, which cited the novelty of the issue, her skill as counsel, the nature of the contingency fee, as well as her five years on the case. With respect to the time spent on the case, "since attention detracted from other matters is devoted to the matter at hand, this factor is already reflected in the number of hours expended." *Davis v. Mutual Life Ins. Co.*, 6 F.3d 367, 382 (6th Cir. 1993). That leaves counsel for Flynn with the fact that she took the case on a fee contingency basis, which she admits is not enough, by itself, to justify an enhancement. Flynn's motion for attorney fees is therefore denied with respect to enhancement.

### III. CONCLUSION

For the aforementioned reason, Trumbull's post trial motions are denied. Flynn's motion for prejudgment interest is set for a hearing on Wednesday, March 7, 2007 to determine whether Trumbull made a good faith effort to settle the case and whether Flynn did not fail to make a

---

cases. *Id.*

good faith effort to settle the case. The parties shall simultaneously file briefs by Monday, March 19, 2007, regarding the court's authority to provide systematic relief. Flynn's bill of costs were properly taxed. And, the court grants Flynn's motion for attorney fees with respect to the lodestar amount of $90,916.50, but denies that motion with respect to any enhancement.

IT IS SO ORDERED.

                                             */s/ Ann Aldrich*

                                             ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

Dated: February 20, 2007