UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BONNIE FLYNN, et al.,** ) | **CASE NO. 4:02CV773** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **JUDGE ANN ALDRICH** |
| ) | |
| ) | |
| **TRUMBULL COUNTY, OHIO, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM AND ORDER** |

On March 12, 2007, Bonnie Flynn et al. ("Flynn") and Trumbull County, Ohio, et al. ("Trumbull") appeared before the court for a hearing on prejudgment interest pursuant to this court's February 20, 2007 order. (Doc. No. 88.)

For the reasons stated herein, the court finds that Flynn has failed to establish that Trumbull failed to make a good faith effort to settle the case according to Ohio Revised Code Section 1343.03(C). Therefore, Flynn's motion for prejudgment interest is denied.

### I. LEGAL STANDARD

In Ohio, O.R.C. Section 1343.03(C) governs the award of prejudgment interest. The statute reads in relevant part:

> If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on judgment, decree, or order shall be

> computed as follows . . .

With respect to determining whether a good faith effort to settle has been made,

> The Ohio Supreme Court has held that a party does not fail to make a good faith effort to settle, pursuant to Section 1343.03(C), when he or she has: "(1) fully cooperated in discovery proceedings; (2) rationally evaluated his risks and potential liability; (3) not attempted to unnecessarily delay any of the proceedings; and (4) made a good faith monetary settlement offer, or responded in good faith to an offer from the other party." *See Villella*, 543 N.E.2d at 471 (citing *Kalain v. Smith*, 25 Ohio St. 3d 157, 25 Ohio B. 201, 495 N.E.2d 572, 574 (Ohio 1986)). Further, if a party holds an objectively reasonable belief that he has no liability, "he need not make a monetary settlement offer," and a lack of good faith means more than poor judgment or negligence; "it imports a dishonest purpose, conscious wrongdoing or ill will in the nature of fraud." *See Id.* (citing *Ware v. Richey*, 14 Ohio App. 3d 3, 14 Ohio B. 6, 469 N.E.2d 899, 905 (Ohio 1983)).

*Ortiz v. Bright*, No. 2:98-CV-1031, 2006 U.S. Dist. LEXIS 23457, at *20 (S.D. Ohio Apr. 26, 2006). The burden of proof is on the party seeking prejudgment interest. *Hilliard v. Huntington Nat'l Bank*, 1999 Ohio App. LEXIS 2653 at *20 (Ohio Ct. App. June 11, 1999).

## II. ANALYSIS

Flynn does not take issue with elements one or three. What is before the court, then, is whether Trumbull rationally evaluated its risks and potential liability, and whether they made a good faith monetary settlement, or responded in good faith to an offer from the other party.

Trumbull satisfies element two of the good faith test because they rationally evaluated their risks and potential liability. Trumbull trenchantly notes that before trial this court determined that "a reasonable jury could find for Trumbull in this case" (Doc. No. 35); an arbitration had determined that Trumbull was not violating the collective bargaining agreement; and the 1996 Consent Judgment required that female staff supervise female inmates. What was at issue in the trial was whether Trumbull had adequately established a bona fide occupational qualification ("BFOQ") exception. In the court's jury instructions, the court ruled as a matter of

law that Trumbull established the first two prongs of the BFOQ. It was the province of the jury to determine whether a less discriminatory method existed. Further, Trumbull's expert testified that a seniority based shift bid system would not work (i.e. a less discriminatory method was not feasible). Although the jury did not find for Trumbull, none of the foregoing would indicate that Trumbull's decision to go to court was somehow irrational or failed to consider its risks and potential liability. Rather, their assessment of the risks and potential liability weighed in favor of going to trial. The court finds that Trumbull cannot be said to have failed to make a good faith effort under this prong.

Trumbull adequately satisfies element four of the good faith test as well; Trumbull made no settlement offer because they held an objectively reasonable belief that they were not liable. Under largely the same reasoning as above, Trumbull's belief that it was not liable was objectively reasonable. While a jury found Trumbull liable, that ex post determination does not require us to find that Trumbull's ex ante analysis was objectively unreasonable. Finally, the court agrees with Trumbull that nothing in the record indicates that Flynn made a full offer to settle the entire case with respect to money damages and systemic relief.

### III. CONCLUSION

For the aforementioned reasons, the court denies Flynn's motion for prejudgment interest.

IT IS SO ORDERED.

*s/Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: **March 14, 2007**