UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE FLYNN, et al., | ) | CASE NO. 4:02CV773 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| | ) | |
| TRUMBULL COUNTY, OHIO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM AND ORDER</u> |

Pursuant to this court's order (Doc. No. 88), Flynn and Trumbull filed briefs supporting and opposing a proposed order for systemic relief from this court (Doc. Nos. 95, 94).

All issues have been fully briefed and are ripe for adjudication. For the reasons stated herein, the court grants Flynn's motion for systemic relief and hereby prohibits Trumbull from using its gender-based seniority shift-bid system.

### **I. ANALYSIS**

A district court has broad equitable powers with respect to Title VII remedies. *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 364 (1977) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-420 (1975) for the proposition that "district courts have not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future") (internal quotations omitted). Indeed, the language of Title VII, 42 U.S.C. 2000e-5(g)(1) provides:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order

such affirmative action as may be appropriate . . . or any other equitable relief as the court deems appropriate.

Here, a jury found Trumbull's gender based shift-bid system unconstitutional, awarding damages totaling $475,000. These damages, therefore, represent an ameliorative decree to eliminate past discriminatory effects. What remains, however, is the potential for future discrimination. Trumbull maintains that such an order is unnecessary; to wit, they aver that the Sheriff has instituted a strict seniority shift-bid system, which is what Flynn has requested. If this is indeed the case, it should obviate the need for any additional court enforcement. Nevertheless, an injunction will act as an appropriate warning to Trumbull in case common sense and good judgment should lose their sway. Therefore, the court hereby prohibits Trumbull from using its gender based shift-bid system and maintains jurisdiction over the matter should a problem arise.

## II. CONCLUSION

For the aforementioned reasons, the court grants Flynn's motion for systemic relief, and hereby prohibits Trumbull from using its gender based shift-bid system.

IT IS SO ORDERED.

                                                       */s/ Ann Aldrich*
                                                       ANN ALDRICH
                                                       UNITED STATES DISTRICT JUDGE

Dated: June 22, 2007